# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| JOSE PEREZ | § | |
| | § | |
| v. | § | CASE NO. 4:05CV464 |
| | § | (Judge Schneider/Judge Bush) |
| THE UNIVERSITY OF NORTH TEXAS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Defendant, University of North Texas ("UNT"), filed a Motion for Summary Judgment on October 19, 2006 (Docket No. 38).  Plaintiff, Jose Perez ("Dr. Perez"), has not responded to this motion.  Instead, on November 7, 2006, Plaintiff voluntarily filed a Motion to Dismiss pursuant to FED. R. CIV. P. 41(a)(2) (Docket No. 40). On November 9, 2006, UNT timely filed a response (Docket No. 41).

Pursuant to Local Rule CV-7(d), "if a party fails to oppose a motion…the court will assume that the party has no opposition." The Defendant's Motion for Summary Judgment was already pending, unopposed, prior to Plaintiff filing the Motion to Dismiss, therefore, the Plaintiff's motion should be DENIED as moot, and Summary Judgment should be GRANTED for the reasons expressed herein.

Dr. Perez was and continues to be employed as a tenured faculty member in the Department of Physics within the College of Arts and Sciences at UNT.  The sole remaining claim in this lawsuit is the alleged denial of pay raises to Dr. Perez occurring *after* June 11, 2004, based upon his race and national origin in violation of Title VII.  The applicable claims

1

include: raises for excellence in 2005 and 2006, merit-based raises in 2005 and 2006, and a market adjustment raise for 2006.

Summary judgment is proper when the evidence, viewed in the light most favorable to the non-movant, reflects no genuine issues of material facts for resolution. *Rubinstein v. Adm'rs of the Tulane Educ. Fund*, 218 F.3d 392, 399 (5th Cir. 2000)*, cert. denied*, 532 U.S. 937, 121 S. Ct. 1393, 149 L. Ed. 2d 316 (2001). The Court is required to review the facts in the light most favorable to the non-movant. *Walker v. Thompson,* 214 F.3d 615, 624 (5th Cir. 2000)*.*

In order to establish a *prima facie* case of discrimination, Plaintiff must show that (1) he was a member of a protected class; (2) he was qualified for his position; (3) he suffered an adverse employment action; and (4) others similarly situated were treated more favorably. *Urbano v. Cont'l Airlines, Inc.*, 138 F.3d 204, 206 (5th Cir. 1998).

As for the raises for excellence and market adjustment, Defendant argues that Plaintiff cannot establish a prima facie case of discrimination because others outside Plaintiff's protected class similarly situated were not treated more favorably. Along with Dr. Perez, seven professors in 2005, and six professors in 2006, did not receive pay increase for excellence. Each of these professors, who did not receive the raise, were Caucasian and outside the protected class. In 2006, seven professors, including Dr. Perez, did not receive the market adjustment pay increase. Each of these professors, who did not receive the raise, were also Caucasian and outside the protected class.

Title VII is designed to address ultimate employment decisions. *Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 878 (5th Cir 1999). Ultimate employment decisions

include hiring, firing, leave, promoting, and compensating. *Messer v. Meno*, 130 F.3d 130, 140 (5th Cir. 1997). Differences in pay increase can be considered an ultimate employment decision only when the variations are significant. *Harrington v. Harris*, 118 F.3d 359, 366 (5th 1997). Defendant contends there is no significant variation in merit-based pay increases between Dr. Perez and those who received the pay increases effective September 1, 2004 and September 1, 2005. In 2004, Dr. Perez received the sixth highest merit-based pay increase. Two other professors identified as members of a protected class received pay raises higher than Dr. Perez. His raise was $606.00 less than the department chair. In 2005, Dr. Perez received the eighth highest merit-based pay increase. Two other professors identified as members of a protected class received pay raises higher than Dr. Perez. His raise was $364 less than the top merit increase awarded. These differences do not appear to be significant in variation.

Ultimately, because the Plaintiff failed to respond, the Court assumes the evidence presented is undisputed and no genuine issues of material facts exist.

## **RECOMMENDATION**

Based on the foregoing, the Court finds that the Plaintiff's Motion to Dismiss should be DENIED as moot and the Defendant's Motion for Summary Judgment should be GRANTED for reasons expressed herein.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

    **SIGNED this 12th day of December, 2006.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE