IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LAURA MANNING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| and | § | CASE NO. 4:06cv464 |
| | § | |
| CONDOLEEZA RICE, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION OF UNITED STATES
<u>MAGISTRATE JUDGE</u>**

Now before the Court are Defendant Condoleeza Rice's Motion to Dismiss (Dkt. 29) and Defendant Rice's Supplemental Motion to Dismiss (Dkt. 45). Having reviewed the motions and the entire record in this case, including the status reports and supplemental briefing of the parties, the Court finds that the motions to dismiss should be granted and this case should be DISMISSED as set forth below.

**Background**

Plaintiff's claims here were initially based on the allegation that Defendant prevented her from obtaining a copy of her birth certificate and refused to issue her a passport. At the time she filed suit, Plaintiff alleged that she applied for a passport on June 7, 2007 and had not yet been issued one. At that time, there was no evidence that Plaintiff's password application had been refused.

Since this action was filed, however, much has occurred. After Defendant filed several motions based on Plaintiff's failure to exhaust her administrative remedies, the case was stayed.

1

Plaintiff then filed a motion seeking injunctive relief, and the Court held a hearing on that motion, during which evidence was presented that Plaintiff's passport application was still under consideration and had not yet been issued or denied. Subsequent to that hearing and while Plaintiff's request for injunctive relief and Defendant's motion to dismissed based on Plaintiff's failure to exhaust administrative remedies were under the Court's consideration, the Court was notified that Plaintiff was issued a United States Passport on November 1, 2007. *See* Dkt. 57.

In response to Defendant's representations that such issuance resolved the dispute between the parties, the Court issued an order requiring Plaintiff to state what relief she continued to seek from the Court now that she had been issued a passport. Plaintiff filed a response in accordance with the Court's order maintaining that she still had a claim under 8 U.S.C. § 1503 and was entitled to other relief, despite the issuance of the passport (*See* Dkt. 59). The Court disagrees and finds that it lacks jurisdiction over Plaintiff's complaints.

**Applicable Standard**

According to Plaintiff, this case is a declaratory judgment action under 8 U.S.C. § 1503 in which she seeks a declaration of her U.S. citizenship. Section 1503(a) provides as follows:

> (a) Proceedings for declaration of United States nationality
>
> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceeding under

>the provisions of this chapter or any other act, or (2) is in issue in any such removal proceeding. An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege and shall be filed in the district court of the United States for the district in which such person resides or claims a residence, and jurisdiction over such officials in such cases is conferred upon those courts.

8 U.S.C. § 1503(a).

## ANALYSIS

Plaintiff here claims that, despite the issuance of her passport, she is still entitled to a declaratory judgment from this Court finding that she is a U.S. Citizen. Individuals clearly have a right to seek a declaration of their citizenship under 8 U.S.C. § 1503. But the plain language of the statue indicates that such a declaratory action can only be brought *after* the claimant is denied a right or privilege. *See* 8 U.S.C. § 1503(a).

There is no showing here that Plaintiff was ever denied any right or privilege. She now has been issued a passport. The fact that it took a long time to issue her passport is, as this Court has already expressed, an unfortunate and understandably frustrating consequence of a post-September 11th world, but does not trigger jurisdiction under Section 1503.

Moreover, as Plaintiff has conceded, a passport, during its period of validity is evidence of citizenship. 22 U.S.C. § 2705. *See* Dkt. 59 at 3. Plaintiff now has a passport, which serves as evidence of her citizenship. Plaintiff argues that her passport will expire someday, and if it is not renewed, she will no longer have proof of citizenship. She, therefore, seeks relief now for some anticipated future harm.

3

The Court cannot and will not issue such speculative and advisory relief. If Plaintiff's passport is not renewed, and if she has exhausted her administrative remedies as to the denial of that renewal, then she – at that time – will have been denied a right or privilege to which she believes she is entitled and a district court should – at that time – have jurisdiction over her claims. Now is simply not that time.

Plaintiff also claims that her requests for a birth certificate and Texas driver's license also give rise to a declaratory judgment action under 8 U.S.C. § 1503. Plaintiff attaches a July 11, 2007 letter regarding the issuance of a copy of her birth certificate to explain the relief she continues to seek. The July 11, 2007 letter from the Texas Health and Human Services Commission denies her request for a copy of her birth certificate, explaining that it had received a sworn statement from her mother that she was not born in the United States. The letter conspicuously states: "You have the opportunity for a hearing before the Department of Health Services to determine if there is evidence to support the State Registrar's proposed action. If you desire a fair hearing, you must submit a written request for a fair hearing within 20 working days after receiving this Notification of Refusal." Although Plaintiff has recently submitted a letter to show that such a hearing was scheduled, there is no evidence before the Court that the hearing was timely requested or ever held, or what the result of the hearing was.

Again, 8 U.S.C. § 1503 requires that there be a denial of a right, such that all administrative remedies have been exhausted before coming to the Court for intervention. As one Court has explained regarding the overall legislative intent of Section 1503:

> [I]n enacting the Immigration and Nationality Act of 1952, Congress acted in light of the foregoing decisions and carefully sought to fix it so that a non-resident, claiming to be a citizen, must first exhaust his administrative remedies and then possibly be bound by an executive finding that he had lost his birthright, unless he alleges and proves abuse of discretion. While a final adverse decision is subject to judicial review, it can be had in habeas corpus proceedings and not otherwise.

*Avina v. Brownell,* 112 F. Supp. 15, 19 (D.C. Tex. 1953) (internal quotations omitted); *see also Marcello v. Bowen*, 803 F.2d 851, 857 (5th Cir.1986) (noting that it could address the petitioner's action because he had first exhausted his administrative remedies); AM. JUR. 2D *Aliens and Citizens* § 2257 (2007) ("A party must exhaust his or her administrative remedies before bringing an action for declaratory judgment of U.S. nationality.").

Plaintiff has also offered affidavit testimony that she had difficulties renewing her Texas driver's license, because a notation was apparently made on her file in the Department of Motor Vehicles's computer systems. However, Plaintiff concedes that she was eventually able to renew it. The Court cannot see how Plaintiff has been harmed in this regard or how it would have jurisdiction over any complaints she has with the license renewal process. Again, there was no denial of rights as required to confer jurisdiction under 8 U.S.C. § 1503.

Additionally, Plaintiff has not shown any attempts by her to obtain a copy of her birth certificate since being issued her passport. The Court does finds that Plaintiff's complaints do not constitute cognizable causes of action sufficient to confer jurisdiction under Section 1503.

In addition to her claims for declaratory judgment of her citizenship under Section 1503, Plaintiff also maintains that she is entitled to an award of money damages for "the intentional torts committed by Nell Robinson, Mario Rubio, Tiffney Johnson, Santiago M. Burciaga, and Harold Woodley in their individual capacities, working in concert, for their unauthorized conversion of her property without due process of law, in the scope of employment, which deprived the Plaintiff of the protection of the United States Constitution, and for violation of her rights and privileges as a U.S. citizen." *See* Dkt. 59 at 3-4. These individuals are not further identified in Plaintiff's supplemental report, nor does Plaintiff state any facts in support of the torts they have allegedly committed.

The Court notes that these individuals are not part of Plaintiff's live complaint, but that Plaintiff has sought leave to add them in subsequent complaints. Such motions for leave are still pending before this Court.

The Court has considered the proposed amended complaint attached to Plaintiff's Second Motion for Leave to File Amended Complaint to determine whether it states any other viable basis for jurisdiction here. *See* Dkt. 60. The Court finds that, even if Plaintiff's motion for leave were granted, she would have still have failed to state a claim against these individuals.

Plaintiff has alleged that the employees took her birth certificate, military ID and driver's license and did not return them. Plaintiff also claims that these individuals violated her right to be free from "the Defendants' terrorist act." The Court agrees with Defendant that Plaintiff has not stated a sufficient claim against these individuals.

Plaintiff appears to rely on *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) in seeking to hold the individuals liable. The Court finds that, in light of the facts alleged here, a

6

*Bivens* claim is not appropriate. First, Plaintiff has failed to show how her alleged common law tort claims of negligence and conversion are of constitutional dimension. The Court also agrees that, because these facts involve discretionary decisions made by consular bodies, a *Bivens* remedy is likely not available here. The Supreme Court has cautioned that *Bivens* remedies should not be extended into new contexts, and case law forecloses a *Bivens* remedy that attempts to side-step such a process provided by and intended by Congress to govern these matters. *See, e.g., Schweiker v. Chilicky*, 487 U.S. 412, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988) (refusing to create a damages remedy against a federal official of the Social Security Administration in connection with the denial of a claim for Social Security benefits); *U. S. v. Fausto*, 484 U.S. 439, 445, 108 S.Ct. 668, 672, 98 L.Ed.2d 830 (1988) (statute's integrated scheme of administrative and judicial review forecloses damages claim even when no administrative or judicial review is available); *Zuspann v. Brown*, 60 F.3d 1156, 1160-61 (5th Cir. 1995) (holding that no *Bivens* remedy exists when an administrative scheme is available to challenge agency action).

Further, regardless of the viability of her *Bivens* claims, Plaintiff has not stated specific facts as to any of the individuals sufficient to overcome the absolute and/or qualified immunities to which they would be entitled. *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Saunders v. Bush*, 15 F.3d 64, 67 (5th Cir. 1994). At the very least, to hold these individuals liable, Plaintiff would need to show a violation of a clear constitutional right of which a reasonable official would have known.

There are no allegations before the Court could conclude that any United States government officials violated the Constitution during their interactions with Plaintiff. Plaintiff's pleadings here

do not allege wrongful conduct with sufficient precision and factual specificity to raise a genuine issue as to the legality of the conduct of the federal officials, as they are required to in order to state a viable claim against them. *Shultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995) (en banc).

Finally, Plaintiff claims that she is entitled to recover the fees she has expended in prosecuting this action. Plaintiff cites 5 U.S.C. § 504 and 28 U.S.C. § 2412 as authority for such an award. Section 504 applies to proceedings before administrative law judges or other administrative agencies, not district courts. *See* 5 U.S.C. § 504. And Section 2412 allows for an award of costs and fees only by courts that have jurisdiction over such actions and only to a prevailing party. *See* 28 U.S.C. § 2412. This Court is without jurisdiction, and Plaintiff has not prevailed in her claims. Therefore, there is no statutory basis for the recovery of the fees and costs she has incurred in prosecuting this case.

With the issuance of the passport and the failure to exhaust her administrative remedies, the Court simply does not have jurisdiction over Plaintiff's claims. For these reasons, Defendant's motions to dismiss should be granted and her claims here should be dismissed for lack of jurisdiction.

## Recommendation

Based on the foregoing and as set forth fully above, the Court recommends that Defendant Condoleeza Rice's Motion to Dismiss (Dkt. 29) and Defendant Rice's Supplemental Motion to Dismiss (Dkt. 45) be GRANTED and that Plaintiff's claims in this suit be dismissed for lack of jurisdiction.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 6th day of February, 2008.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE